UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRELL ALEXANDER HARVEY,<br><br>    Petitioner,<br><br>  v.<br><br>R. GROUNDS, WARDEN,<br><br>    Respondent. | NO. CV 13-1005-VAP (MAN)<br><br>ORDER DISMISSING PETITION<br>AS SECOND OR SUCCESSIVE<br>AND DENYING A CERTIFICATE<br>OF APPEALABILITY |

On February 12, 2013, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition is the third Section 2254 habeas petition filed by Petitioner in this Court stemming from his 1999 state court conviction and sentence (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the

reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

## BACKGROUND

On November 19, 2001, Petitioner filed a Section 2254 petition in Case No. CV 01-9908-DT (MAN) (the "First Action"). The petition filed in the First Action raised a single claim for relief, alleging that Petitioner's right to due process was violated because the evidence was insufficient to identify him as the perpetrator of the crime charged. (*See* First Action petition at 6.) The First Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment entered on January 27, 2003. Petitioner appealed, and on June 17, 2003, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 03-55433).[1]

On August 3, 2005, Petitioner filed a second Section 2254 petition in Case No. CV 05-5647-VAP (MAN) (the "Second Action"). The petition filed in the Second Action alleged two claims for relief: (1) Petitioner's trial counsel provided ineffective assistance by failing to challenge or seek to suppress an unduly suggestive field show-up and the in-court identification of Petitioner; and (2) the in-court identification of Petitioner did not meet four of the five prongs needed to make it valid and, thus, violated due process. (Second Action

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

2

Petition at 6.) On August 17, 2005, Judgment was entered dismissing the Second Action on the ground that the petition was second or successive withing the meaning of 28 U.S.C. § 2244(b).

Petitioner did not appeal the dismissal of the Second Action. Subsequently, however, he twice sought leave to file a second or successive petition and the Ninth Circuit denied such leave. In Case No. 05-76079, Petitioner filed an application on October 19, 2005, and the Ninth Circuit denied it on November 29, 2005. In Case No. 06-70458, Petitioner filed an application on January 25, 2006, and the Ninth Circuit denied it on February 24, 2006.

Approximately seven years passed before Petitioner submitted the instant Petition to this Court. The Petition presents a single claim (couched as three claims), which challenges the imposition of an upper term sentence, rather than a midterm sentence, on certain of the counts of which Petitioner was convicted. (Petition at 5-6.) Petitioner asserts that he does *not* seek the retroactive application of Supreme Court precedent. Further, he "concedes that this petition is untimely, successive and raises a claim that could have been presented on appeal." (*Id.* at 5.)

The Ninth Circuit dockets show that Petitioner still has not obtained leave to file a second or successive Section 2254 petition.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas

petition challenging a particular state conviction and/or sentence. See, e.g., 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must **first** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his habeas petition was resolved adversely to him on its merits. His present challenge to the validity of his sentence does not rest on newly-discovered evidence, and Petitioner concedes that his claim does not rest on a new rule of constitutional law and could have been raised in his state direct appeal. Accordingly, the current Petition is second or successive

within the meaning of Section 2244(b).[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b); see also Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: February 23 2013

VIRGINIA A. PHILIPS
UNITED STATES DISTRICT JUDGE

---

[2] The instant Petition also appears to be substantially untimely, as Petitioner concedes.

PRESENTED BY:

*/s/ Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE